FILED

UNITED STATES DISTRICT COURT  99 FEB -1  PM 4:06
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION   U.S. DISTRICT COURT
N.D. OF ALABAMA

JUSTIN WAYNE WOOD, }
}
   Plaintiff, }
}
v. }  CASE NO. CV 96-B-0143-J
}
JOHN MARK TIREY, et al., }
}
   Defendants. }   ENTERED

MEMORANDUM OPINION   FEB 01 1999

This case is before the court on plaintiff's Motion for New Trial filed on September 22, 1997. Plaintiff moves for a new trial primarily on three grounds. Plaintiff first argues that he was denied a fair trial because he was deprived of sleep and his proper medications during the trial. He contends that this resulted in plaintiff becoming "unable to adequately cross examine adverse witnesses, . . . frustrated and in general displayed a bad appearance and demeanor before the jury." (Pl's Mot. at p. 4). At some point during the trial, plaintiff informed the court of some of the problems associated with having to get up early to travel to and from Kilby Prison where he was incarcerated and the courthouse in Birmingham. The court does not recall being informed during the trial of all of the allegations made in plaintiff's motion on this subject. During the trial, the court gave some instructions to the persons transporting the plaintiff to and from trial in an effort to ensure plaintiff got more sleep and received his medications timely.

For purposes of this motion, the court will accept as true plaintiff's allegations that he was deprived of sleep and his medications. The court does not accept as true plaintiff's

allegations that he was unable to function effectively due to these circumstances. In the court's opinion, and as the record will reflect, plaintiff was an effective advocate despite any limitations resulting from insufficient sleep and/or failure to timely receive his medications. Therefore, plaintiff's Motion for New Trial based on his allegations that he was deprived of sleep and certain medications during his trial is due to be denied.

Plaintiff's second argument is that he is entitled to a new trial because the court erred in refusing to admit extrinsic evidence of defendant Roger Halbrook's alleged use of excessive force against another prisoner. During the trial, the court expressed its grave concern over the testimony provided outside the presence of the jury by a Walker County Jailer, Howard Lawrence, concerning an incident between defendant Halbrook and an inmate named Bobby Odom. Despite these concerns, the court remains of the opinion that even if relevant, the evidence was properly excluded under FED. R. EVID. 403.[1] The court is of the opinion that this evidence would have been unnecessarily confusing and caused an undue delay in the trial. Specifically, if this testimony had been admitted, defendants would have been required to defend against a separate claim asserted by a non-party. In all likelihood, all the witnesses to that incident would have been called to testify. The resulting detour from the main issue in this case would have, in the opinion of the court, confused the jury and presented a strong likelihood of causing unfair prejudice to the defendant. When these factors are weighed

---

[1]FRE 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

2

against the probative value of the testimony offered by the plaintiff, the court determined at trial, and remains persuaded, that the testimony plaintiff sought to offer at trial, and the testimony he now presents in support of his motion for a new trial, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and by considerations of undue delay in the trial. Thus, plaintiff's Motion for New Trial based on his allegation that the court erred in refusing to admit evidence of defendant Halbrook's alleged use of excessive force against another prisoner is due to be denied.

Finally, plaintiff argues that he is entitled to a new trial because of newly discovered evidence. In brief, plaintiff contends that he has discovered an additional incident of excessive force with regard to defendant Halbrook. Plaintiff further contends that at the time of the incident with inmate Odom, Odom was on the same medications that the plaintiff was on at the time of the incident made the basis of this lawsuit. Plaintiff is not entitled to a new trial due to newly discovered evidence on two grounds. First, because the court is of the opinion that the evidence of defendant Halbrook's alleged excessive use of force is due to be excluded under FED R. EVID. 403, the "newly discovered evidence" does not warrant a new trial.[2] Second, plaintiff has failed to establish that his new evidence could not have been discovered through the exercise of reasonable diligence prior to trial or that the new evidence is of such a nature

---

[2] On April 8, 1998, plaintiff filed a Second Motion for Leave to Supplement Motion for New Trial. Although the Motion for Leave to Supplement will be granted by separate Order, for the same reasons that the court excluded testimony regarding inmate Odom, the court would likely exclude under Fed. R. Evid. 403 the proposed testimony of Wilford Rufus Hooper. On May 26, 1998, and July 8, 1998, plaintiff moved again to supplement his Motion for New Trial citing additional evidence against defendant Halbrook. Although these Motions will be granted by separate Order, the evidence attached to these Motions to Supplement do not change the court's opinion that Plaintiff's Motion for New Trial is due to be denied.

3

that a different verdict could result if a new trial were granted. Therefore, plaintiff's Motion for a New Trial on the basis of newly discovered evidence is due to be denied.

An order in accordance with this opinion will be entered.

**DONE** this 1st day of February, 1999.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge

4